LEVY, Judge.
Charter Air Center, Inc., the plaintiff/counter-defendant below, brought suit against Resorts International, Inc. for breach of a contract agreement whereby Charter was to transport gamblers to the Bahamas for gambling in Resorts’ casino. At the first trial, a verdict was entered in favor of Charter, and the jury, inter alia, awarded Charter $450,000 under the “plus fifteen percent” above cost of operation provision in the contract, in addition to awarding Charter costs for expenditures *730 Charter made in reliance upon the contract. Resorts appealed claiming, inter alia, that the “plus fifteen percent” could not be considered as profit, and was required to be reduced by other overhead and expenses. This court affirmed the determination as to liability; however we found that the trial court erred in awarding Charter damages for both its reliance costs and its lost profits, and remanded the case for a second trial on the issue of damages alone, with Charter being required to make an election as to whether it desired to seek its reliance costs or its lost profits. Resorts International, Inc. v. Charter Air Center, Inc., 503 So.2d 1293 (Fla. 3d DCA 1987).
At the second trial, on damages only, Charter elected to seek to recover the fifteen percent profit on the minimum hours guaranteed under the contract and, accordingly, moved for summary judgment. That motion was denied, and the case proceeded to trial where evidence was introduced as to several extraneous issues. Charter was awarded no damages. We reverse.
In Resorts, 503 So.2d at 1296, we stated that: “The contractual agreement between Charter and Resorts provides for a measure of profits of fifteen percent over the cost of operating the airline service for the minimum number of hours required by the contract. Since this measure allows for a sufficiently accurate approximation of Charter’s lost profit, it may recover its expectation damages.” Charter was allowed to elect the damages it chose to seek on remand. Once it elected the cost plus fifteen percent provision as its damages, it was entitled to a summary judgment. Accordingly, we reverse and remand to the trial court with instructions to grant summary judgment in favor of Charter pursuant to the terms of the “fifteen percent” contract provision.
Reversed and remanded with instructions.